FILED

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

2021 APR -9  AM 10: 03

CLERK, US DISTRICT COURT
MIDDLE DISTRICT FLORIDA
TAMPA, FLORIDA

| | | |
|---|---|---|
| **IASIA EBONY OWENS** | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | Case No. 8:21 cv 851 SDM—AEP |
| | § | |
| **SYNCHRONY BANK** | § | |
| **Defendant,** | § | |

## PLAINTIFF'S VERIFIED ORIGINAL COMPLAINT AND REQUEST FOR

## INJUNCTION

NOW COMES Iasia Ebony Owens, Plaintiff, complaining of Defendant, Synchrony Bank, and

for cause would show this Honorable Court as follows:

### A. NATURE OF THE ACTION

1. This is an action brought by Plaintiff against Defendant, for the violation of provisions of

   the Fair Debt Collection Practices Act and the Truth in Lending Act.

2. Plaintiff alleges that Defendant engaged in unethical debt practices in the process of

   lending to her. For this cause of action and others discussed herein, Plaintiff seeks

   compensation.

### B. PARTIES

3. Plaintiff Iasia Ebony Owens is a female adult, consumer and natural person pursuant 15

   USC 1692a(3) of sound mind.  I have a place of abode which is my location information

   5138 Flowing Oar Rd. Wimauma FL 33598-2227.



4. Defendant Synchrony Bank is a corporation offering financial services with its head office at 170 West Election Rd, Suite 125, Draper, Utah,, 84020, Salt Lake County, USA.

## C. JURISDICTION AND VENUE

5. Jurisdiction exists in this court pursuant to 15 U.S. Code § 1601 and 15 U.S. Code § 1692.

6. Venue is proper before this court pursuant to 28 U.S. Code § 1331, 28 U.S. Code § 1332(a), 28 U.S. Code § 89(b) where the acts and transactions giving rise to Plaintiff's occurred in this district, where Plaintiff's reside in this district, and/or where Defendant transacts business in this district.

## D. FACTS

7. Defendant sent Plaintiff billing statements dated August 2020 to January 2021 on making payments on an alleged debt, despite Plaintiff not owing Defendant the said amounts.

8. Plaintiff wrote to Defendant asking it not to sent Plaintiff any more billing statements.

9. In a response dated November 25th, 2020, Defendant stated that it will continue sending Plaintiff copies of the monthly billing statements.

10. Plaintiff sent an Affidavit of Truth, Cease and Desist, and Invoice on December 1st, 2020. In its response dated December 2nd, 2020, Defendant admitted that it attempted to contact Plaintiff. Defendant also stated that it will continue sending Plaintiff copies of the monthly billing statements.

11. Defendant stated that it will continue to report the status of the account to credit bureaus and threatened Plaintiff that failure to pay the account would result in legal action.

12. Defendant sent deceptive forms to collect on an alleged debt that had already been paid for by Plaintiff when she entered the consumer credit transaction.

13. Defendant lowered Plaintiff's credit line on her account without her authorization.

14. Defendant did not inform Plaintiff as the consumer that no payments should be made as a result of the consumer credit transaction that took place. Defendant benefited from the transaction and Plaintiff did not.

### E.  VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

15. 15 U.S.C. 1692(b) states that any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall-

    (2) not state that such consumer owes any debt.

    Defendant sent Plaintiff billing statements on making payments on a debt alleged by Defendant. In its response on November 25, 2020, Defendant stated that it will continue sending Plaintiff the monthly billing statements until the debt is paid.

16. 15 U.S.C. 1692(c)(a) states that without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt. Plaintiff, a consumer, never gave written or oral consent to Defendant, the debt collector, to communicate with her in connection with the collection of the debt alleged

by Defendant. Defendant has sent Plaintiff multiple correspondence in connection with the collection of the debt alleged by Defendant.

17. 15 U.S.C. 1692(c)(c) states that If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except --

(1) to advise the consumer that the debt collector's further efforts are being terminated;

(2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or

(3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.

If such notice from the consumer is made by mail, notification shall be complete upon receipt.

Plaintiff asked Defendant to stop sending her correspondence related to the debt alleged by Defendant. Defendant continued to send plaintiff correspondence whose content was not among the three exceptions listed above.

18. 15 U.S.C. 1692(e)(5) lists the threat to take any action that cannot be legally taken or that is not intended to be taken as a violation of 15 U.S.C. 1692(e) which states that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Defendant threatened Plaintiff that legal action would be taken if she didn't pay the account, even though Defendant knew that

legal action cannot be taken against Plaintiff in connection with the debt alleged by Defendant.

19. 15 U.S.C. 1692(e)(8) lists communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is being disputed as a violation of 15 U.S.C. 1692(e) which states that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Defendant stated that it would continue to report the status of the account to credit bureaus. The information that Defendant gave to credit bureaus is false.

20. 15 U.S.C. 1692(g)(a) states that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing:

(1) Amount of the debt;

(2) The name of the creditor to whom the debt is owed;

(3) A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) A statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgement against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

Defendant did not supply Plaintiff with any information required in the provision above.

### F. PRAYER FOR RELIEF

REASONS WHEREFORE, Plaintiff requests this Honorable Court to grant the following reliefs:

a. A determination that Defendant was in violation of Sections 1692 (b), 1692 (c)(a), 1692 (c)(c), 1692 (e)(5), 1692 (e)(8) and 1692 (g)(a) of the Fair Debt Collection Practices Act;

b. Award Plaintiff punitive damages;

c. Award Plaintiff pre and post judgment interests, costs of this suit, and attorney fees as allowed by law;

d. Award Plaintiff such equitable relief as may be appropriate under the circumstances; and

e. Award Plaintiff such further relief as this Honorable Court deems necessary and proper.

Respectfully Submitted

Iasia Ebony Owens
5138 Flowing Oar Rd.
Wimauma FL 33598-2227
727-612-4630
iasia.owens2@gmail.com

## VERIFICATION

I, Iasia Ebony Owens, being duly sworn depose and say that I am the Plaintiff in the above entitled action, that I have read the foregoing Complaint and know the contents thereof. That the same is true of my own knowledge except as to those matters and things stated upon information and belief, and as to those things, I believe them to be true.

_(Sign in the presence of a Notary Public)_

Sworn to and subscribed before me this the _____ day of _____, 2021.

Notary Public

COLLEEN ARNOLD
MY COMMISSION # GG 339025
EXPIRES: May 28, 2023
Bonded Thru Notary Public Underwriters

(Printed name of Notary Public)

My Commission Expires: _____

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was sent on the **(Date)** day of **(Month) (Year)** by regular U.S. mail, by facsimile, or certified mail, return receipt requested, to the following parties or attorneys of record:

**(Name of Defendant's Attorney)**, Attorney at Law